### BOYER et, Plaintiffs-Appellees, v. SPRINGFIELD (City), Defendant-Appellant.

Ohio Appeals, Second District, Clarke County.

No. 522.  Decided November 8, 1955.

Thomas E. Hackett, Springfield, for plaintiffs-appellees.

Richard H. Wehler, City Solicitor, Joseph C. Brucker, Asst. City Solicitor, Springfield, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by assignment in the Second District.)

## OPINION

By CONN, J.

At the close of plaintiffs' case and at the conclusion of all the evidence, defendant moved the court in each instance to direct the jury to return a verdict in its favor.  Each of these motions was overruled and the case was thereafter submitted to the jury.  A verdict was returned for plaintiffs in the amount of $1,000.00 and judgment entered thereon by the court.

The defendant filed its motion for judgment notwithstanding the verdict, which motion also was overruled.

An appeal has been taken by defendant to this court on questions of law and defendant assigns as error that the trial court erred in overruling said motions of defendant for directed verdicts and also erred in overruling defendant's motion non obstante veredicto.

Following the overruling of said motion for a directed verdict at the close of plaintiffs' evidence, this defendant proceeded to introduce its evidence, and thereby waived the alleged error of the trial court.

Broadly stated, the motions of defendant may be denominated demurrers to the evidence, and raise issues of law analogous to demurrers to pleadings.

If it appears that there is substantial evidence in the record of this case tending to support each and every issue on which plaintiffs have the burden of proof, it would follow that issues of fact were present and the errors assigned would not be well taken and should not be sustained. Moreover, the issues raised on defendant's motions do not require this court to weigh the evidence.

We have carefully examined the evidence in relation to the issues raised on the pleadings. In our opinion, there is substantial evidence tending to establish the claim of plaintiffs that defendant had notice that the southerly end of Walnut Terrace, where plaintiffs' dwelling house is located, was subject to flooding and was a "bad place flood-wise," when the openings in the catch basins at this point were permitted to remain clogged with waste material.

The evidence also tends to show that prior to the heavy rain under consideration, the defendant did not have a sufficient number of employees to keep the openings in the catch basins located at the southerly end of Walnut Terrace free from leaves and waste material; and that at the time of the flood complained of and when it had reached a high point, debris was removed from the surface of one or more of the catch basins by a volunteer living in the neighborhood and thereupon the flood waters rapidly receded. It also appears that plaintiffs sustained certain damages proximately caused by the flood waters.

In view of the record in this case, it is our opinion that the defendant's assignments of error are not well taken and that the judgment of the trial court should be affirmed. It is so ordered and the cause remanded for execution.

MILLER, PJ, HORNBECK, J, concur.